# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
LEANNA BABB,                     *
                                 *      No. 15-195V
           Petitioner,           *      Special Master Christian J. Moran
                                 *
v.                               *
                                 *      Filed: July 12, 2018
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *      Entitlement, dismissal, headaches
                                 *
           Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer & Christina M. Ciampolillo, Conway, Homer, P.C., Boston, MA, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Leanna Babb filed a petition, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on March 2, 2015. The petition ultimately alleged that the tetanus-diphtheria ("TD") and hepatitis A/B vaccines she received on May 28, 2013, significantly aggravated her pre-existing migraine headaches or, in the alternative, caused her idiopathic intracranial hypertension. See Petition, filed Mar. 2, 2015; exhibit 24 at 6; exhibit 29 at 4; exhibit 35 at 2. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

Ms. Babb's case was initially assigned to Special Master Millman, who oversaw the submission of evidence and the scheduling of a two-day entitlement hearing in October 2018.

On January 26, 2018, this case was transferred to the undersigned. The undersigned reviewed case materials and issued a detailed order for pre-hearing submissions. The undersigned also held a status conference on April 18, 2018, to prepare for the entitlement hearing. Ms. Babb confirmed that she was also pursuing a significant aggravation claim and that one of her experts, Dr. Chen, had at least referenced significant aggravation in his reports. Due to Dr. Chen's lack of explanation for significant aggravation in his reports, Ms. Babb was afforded the opportunity to file a supplemental expert report and pre-hearing brief to bolster her case. Order, issued Apr. 26, 2018.

Ms. Babb did not file a supplemental expert report and instead filed a Motion for a Decision Dismissing the Petition on July 2, 2018. On the same day, respondent filed a response stating that he did not object to Ms. Babb's motion. This matter is now ready for adjudication.

## II. Analysis

By seeking dismissal of her petition, Ms. Babb implicitly conceded that she has not submitted sufficient evidence to be awarded compensation on her vaccine claim on either cause of action, causation-in-fact or significant aggravation.

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that petitioner's injuries are vaccine-caused or significantly aggravated by a vaccine.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1).

In this case, because the medical records do not sufficiently support petitioner's claim, a medical opinion must be offered in support. Though medical opinions have been offered, they are not persuasive.

For the medical theory, petitioner's first expert report by Dr. Chen opined that the vaccinations triggered a chronic injury to her nervous system. Exhibit 24 at 7. During a status conference, respondent noted that a similar theory was previously found unpersuasive to the undersigned. See McGuire v. Sec'y of Health & Human Servs., 2015 WL 6150598 (Fed. Cl. Spec. Mstr. Sept. 18, 2015); order, issued Feb. 19, 2016.

Dr. Chen ultimately opined that a dual process occurred, alternatively claiming that: (1) the vaccines significantly aggravated Ms. Babb's pre-existing migraine headaches and (2) that the vaccines caused the onset of a new type of headache due to intracranial hypertension. Exhibit 29 at 1-2.

The undersigned noted during the April 18, 2018 status conference that a presentation of alternative causes of action is often unpersuasive. See Order, issued Apr. 26, 2018. The undersigned also indicated that Ms. Babb's experts had not effectively distinguished her pre-existing headaches from the injuries she alleged resulted from the vaccinations. Id. In regard to significant aggravation, the undersigned pointed out that Ms. Babb's experts had not addressed how her headaches would have developed but for the vaccinations. Id. ; exhibit 24 at 7; exhibit 27 at 7. However, despite the opportunity to do so, Ms. Babb did not file another supplemental expert report by Dr. Chen or Dr. Levy to address the undersigned's concerns.

Accordingly, the record in this case suggests Ms. Babb failed to demonstrate that she suffered a "Table Injury," or that the vaccinations "actually caused" or "significantly aggravated" her injuries.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master